IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORM HIENG, <br><br>                Petitioner, <br><br>        vs. <br><br> UNITED STATES OF AMERICA, <br><br>                Respondent. | No. CV-F-10-1620 OWW <br> (No. CR-F-07-243 OWW) <br><br> MEMORANDUM DECISION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 WITHOUT PREJUDICE |

On September 7, 2010, Petitioner Orm Hieng, proceeding *in pro per,* filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. As grounds for relief Petitioner asserts:

> 1. Whether because of the justiciable controversy between the State of California's marijuana laws and the Federal Government's usurpation of the latter's legislative jurisdiction this Court should dismiss Petitioner's case, because it is a political question and meets the criteria for dismissal.
>
> 2. Whether the District Court's jurisdiction lost the power to sustain the subject matter

1

>jurisdiction of the Presentence Report Investigation (PSIR) which contains constitutional errors based on recent Supreme Court's line of ruling requiring resentencing.
>
>3.  Whether the absence of legislative jurisdiction, the judicial doctrine of sovereign immunity, and the absence of Article III case or controversy voids Petitioner's conviction *ab initio*.

Petitioner was found guilty by jury trial of conspiracy to cultivate marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 and of cultivation of marijuana and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The jury specifically found in connection with both counts that the quantity of marijuana involved in the offenses was 1,000 or more. Petitioner was sentenced on September 21, 2009 to 120 months concurrent. On September 25, 2009, Petitioner, represented by counsel, filed a Notice of Appeal. Petitioner's appeal was assigned Ninth Circuit case number 09-10401.[1] Petitioner's attorney on appeal requested and received a number of extensions to time to file the opening brief. By Order filed on August 25, 2010, the Ninth Circuit denied counsel's most recent motion for extension of time to file the opening brief and ordered that the opening brief be filed by October 1, 2010.

The Ninth Circuit holds that "'[e]xcept under most unusual

---

[1] The Court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet. *See* Fed. R. Evid. Rule 201(b); *United States v. Howard*, 381 F.3d 873, 876, fn.1 (9th Cir. 2004).

circumstances ... no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence.'" *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.1988), *cert. denied*, 488 U.S. 1035 (1989).  Petitioner makes no showing of exceptional circumstances which would allow him to proceed with his appeal and his Section 2255 motion simultaneously.

For the reason stated, Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. 2255 is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   September 10, 2010               /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE